# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-10152-WEB |
| | ) |
| Mayra Carolina Padilla-Valenzuela, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Now before the Court is the motion of Defendant Mayra Carolina Padilla-Valenzuela to reduce her sentence. (Doc. 16). The record shows that Defendant pleaded guilty on October 4, 2005 to entry into the United States after having been previously deported subsequent to conviction for an aggravated felony. 8 U.S.C. § 1326(b)(2); (Doc. 12). Defendant was sentenced on December 20, 2005 to 30 months imprisonment. (Doc. 15). Defendant filed the current motion on December 22, 2005 requesting the Court reduce her sentence because: she wants to care for her children; she returned to the United States to leave a bad relationship in Mexico; and her father is terminally ill. (Doc. 16). Defendant does not cite the law under which she submits this motion.

After sentencing, a district court's jurisdiction to modify a final judgment is circumscribed. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (A district court is authorized to modify a Defendant's sentence only where Congress has expressly granted the court jurisdiction to do so). Rule 35(a) allows for the Court to correct or modify a sentence if there is error within seven days after

sentencing. Fed. R. Crim. P. 35. Under 18 U.S.C. § 3582(c)(2), a Court can modify a term of imprisonment if the sentencing guidelines have been lowered and made retroactive. See U.S.S.G. § 1B1.10. The Court also has jurisdiction to hear appeals brought under 28 U.S.C. § 2255.

The Court finds that it cannot afford Defendant the relief she requests. While this motion was brought within seven days of sentencing, Defendant has cited no arithmetical, technical or other clear error in her sentence. Such an error is necessary for the Court to reduce a sentence under Rule 35. Fed. R. Crim. P. 35(a). Defendant does not argue that her sentence was in any way erroneous or unconstitutional; therefore, the Court will not convert Defendant's motion to an appeal under section 2255. Finally, Defendant does not argue or provide any facts to show that relief is warranted under the provisions of 18 U.S.C. § 3582(c)(2).

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's motion to reduce her sentence (Doc. 16) be DENIED.

SO ORDERED this 22nd day of February, 2006.

s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge